UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANKERS INS. CO.,

    Plaintiff,

v.                                          CASE NO.: 8:13-cv-40-T-23TGW

LG ELECTRONICS USA, INC.,
and LG ELECTRONICS ALABAMA,
INC.,

    Defendants.
_____/

## ORDER

On October 25, 2013, Magistrate Judge Mark A. Pizzo issued a report under 28 U.S.C. § 636 and recommends granting with prejudice LG Electronics' motion (Doc. 16) to dismiss counts one (breach of contract), three (fraud), four (negligent misrepresentation), and five (unjust enrichment) of Bankers' first amended complaint.[1] Each party objects (Docs. 47 and 49), and each party responds (Docs. 50 and 51) to the objections. A careful review of the papers and the transcript (Doc. 52) of the hearing before the magistrate judge on August 8, 2013, confirms that the magistrate judge correctly determined (1) that each of counts one, three, and four fails to allege a plausible claim with sufficient particularity and (2) that count five

---

[1] Bankers voluntarily dismissed count two (specific performance) without prejudice. (Docs. 42 and 43)

fails to state a claim as a matter of law and should be dismissed with prejudice. To this extent, Bankers' objections (Doc. 49) are **OVERRULED** and LG Electronics' objections (Doc. 47) are **SUSTAINED**. Counts one, three, and four of Bankers' complaint should be dismissed without prejudice and with leave to amend. To this extent, Bankers' objections (Doc. 49) are **SUSTAINED** and LG Electronics' objections (Doc. 47) are **OVERRULED**.

Rule 15(a), Federal Rules of Civil Procedure, dictates that leave to amend "shall be freely given when justice so requires." Accordingly, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Bankers permissively amended count one; Bankers did not amend in response to a court order. *See Bryant*, 252 F.3d at 1164. Bankers has had no opportunity to amend counts three and four, which fail to allege claims with sufficient specificity under Rule 9, Federal Rules of Civil Procedure. *Bryant*, 928 F.2d at 1163; *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Although Bankers' claims appear tenuous, the record fails to show conclusively and "beyond doubt" that Bankers "cannot prove a set of facts that would entitle [Bankers] to relief" and that amendment would prove futile. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Accordingly,

Bankers warrants leave to amend counts one, three, and four in an attempt to address the deficiencies identified by the magistrate judge.

Each party assumes that the magistrate judge relied, at least in part, on LG Electronics' argument that "(i) the governing regulations and administrative orders precluded LG Electronics from using [Bankers'] Bond to cover AD [(anti-dumping duties)] issued [by the government against LG Electronics]; (ii) the governing law precludes Customs from collecting any additional AD duties on the relevant entries; and (iii) thus 'no potential claim' for additional AD duties did or could exist to trigger Bankers' indemnification rights in the circumstances alleged in the First Amended Complaint." (Docs. 51 at 8 and 49 at 11-12) But the report and recommendation mentions nothing of LG Electronics' argument. And properly so. LG Electronics' argument invites consideration of "matters outside the pleadings" that under Rule 12(d), Federal Rules of Civil Procedure, would require treating the motion "as one for summary judgment" and would require that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[2]

---

[2] LG Electronics invites consideration of at least the following "matters outside the pleadings":  that LG Electronics paid the required cash deposits for the 2,444 anti-dumping notices, that the cash deposits preclude the government's levying additional fines or charges against LG Electronics, that the anti-dumping notices relate only to washing machines, and that the "provisional cap period" applies in the circumstance.  *See* August 8 Hearing Transcript (Doc. 52 at 56).  Indeed, LG Electronics' papers request, in the alternative, that "the Court should convert the Motion [to dismiss] to one for summary judgment under Fed. R. Civ. P. 12(d) and 56 and direct limited

(continued...)

With the limited exception stated above, the report and recommendation (Doc. 45) is **ADOPTED**.  Accordingly, LG Electronics' motion (Doc. 16) to dismiss is **GRANTED WITHOUT PREJUDICE** as to counts one, three, and four.  The motion (Doc. 16) is **GRANTED WITH PREJUDICE** as to count five.  No later than **February 19, 2014**, Bankers may amend the complaint in a final attempt to cure the deficiencies identified by the magistrate judge.

ORDERED in Tampa, Florida, on January 29, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2](...continued)
discovery on the issue of whether the notices of suspension relate to merchandise (a) that was subject to estimated AD duties, (b) that LG Electronics imported during the [provisional cap period], and (c) that was not protected by the provisional duty cap." (Doc. 24 at 6-7) Conversely, Bankers conceded at the August 8 hearing that a successful showing by LG Electronics on this point decidedly refutes Bankers' claims.  (Doc. 52 at 69) ("And we need discovery on the cash deposit issue, because if [the anti-dumping notices] all relate to washing machines and they were all done during the provisional cap period and they did post a cash deposit and there[ are] absolutely no other entries subject to antidumping duties during this time period, then our claim is probably non-existent.  But if that's not the case, then we do believe that the claim has merit and . . . needs to move forward.")